IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESSENTIAL MEDICAL DEVICES, INC., | § |
| *Plaintiff,* | § |
| v. | § CIVIL ACTION NO. _____ |
| MASIMO CORPORATION and CERCACOR LABORATORIES, INC. (f/k/a MASIMO LABORATORIES, INC.), | § JURY TRIAL DEMANDED |
| *Defendants.* | § |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Essential Medical Devices, Inc., for its complaint against Defendants Masimo Corporation and Cercacor Laboratories, Inc. (f/k/a Masimo Laboratories, Inc.), hereby alleges the following:

**PARTIES**

1. Plaintiff Essential Medical Devices, Inc. ("Essential Medical") is a Delaware corporation having its principal place of business in Pelham, New York.

2. On information and belief, Defendant Masimo Corporation ("Masimo") is a Delaware corporation having its principal place of business in Irvine, California.

3. On information and belief, Defendant Cercacor Laboratories, Inc. ("Cercacor") is a Delaware corporation having its principal place of business in Irvine, California.

4. On information and belief, Defendant Cercacor was formerly known as "Masimo Laboratories, Inc."

1

## NATURE OF THE ACTION

5. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has general personal jurisdiction over both Masimo and Cercacor by virtue of each defendant's incorporation in this State.

8. Venue is proper as to each defendant in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

9. Plaintiff Essential Medical is the owner by assignment of United States Patent No. 6,397,093 ("the '093 patent"), entitled "Non-Invasive Carboxyhemoglobin Analyzer." The '093 patent was duly and legally issued on May 28, 2002. A true and correct copy of the '093 patent is attached as Exhibit A.

10. On information and belief, Defendant Masimo develops, manufactures and markets noninvasive patient monitoring products, including pulse oximetry devices such as monitors and circuit boards.

11. On information and belief, Defendant Masimo sells its pulse oximetry monitors, such as Radical-7, Rad-87, Rad-57, Pronto-7 and Pronto ("Pulse Oximetry Monitors") to hospitals and the alternate care market through its direct sales force and distributors.

12. On information and belief, Defendant Masimo markets its pulse oximetry circuit boards, such as MX-3 Masimo Rainbow SET OEM Board ("Pulse Oximetry Circuit Boards") to original equipment manufacturers ("OEMs").

13. On information and belief, Defendant Cercacor contracted the services of Masimo employees to develop a noninvasive blood constituent monitoring platform that measures carboxyhemoglobin and other blood constituents. On information and belief, that platform (including both Pulse Oximetry Monitors and Pulse Oximetry Circuit Boards) is presently known as, or is incorporated into what is or has been known as, "Rainbow SET."

14. On information and belief, Defendant Masimo obtained a license from Defendant Cercacor that permits Masimo to make and distribute products that utilize the Rainbow SET technology.

15. On information and belief, Defendant Masimo's license to the Rainbow SET technology under certain parameters and in certain markets is exclusive on the conditions that: (i) Masimo pay Cercacor royalties on any Masimo products that incorporate the Rainbow SET technology (subject to certain minimum aggregate royalty thresholds); and (ii) Masimo use commercially reasonable efforts to develop or market products that incorporate the licensed Rainbow SET technology.

16. On information and belief, Defendant Masimo has developed and commercially sold devices, including pulse oximetry devices such as monitors and circuit boards, that measure carbon monoxide using the licensed Rainbow SET technology.

17. On information and belief, on June 21, 2006, Defendant Masimo submitted an Information Disclosure Statement ("IDS") to the U.S. Patent and Trademark Office, listing the

'093 patent as a reference to be considered in examining U.S. Patent Application No. 11/366,210.

18. On information and belief, beginning on June 21, 2006, Defendant Cercacor submitted numerous IDSs to the U.S. Patent and Trademark Office, listing the '093 patent as a reference to be considered in examining Cercacor's U.S. Patent Application Nos. 11/366,209; 11/366,833; 11/366,995; 11/367,013; 11/367,034; and 12/126,702.

19. On or about March 5, 2009, Essential Medical offered to sell Defendant Masimo the '093 patent and other patents and sent Masimo a copy of the '093 patent and its file history.

## COUNT I
## DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 6,397,093

20. On information and belief, Defendants Masimo and Cercacor have been and now are directly infringing one or more claims of the '093 patent by using Pulse Oximetry Monitors (including without limitation products that utilize the Rainbow SET technology) that infringe one or more claims of the '093 patent. Masimo and Cercacor are thus liable for direct infringement of the '093 patent under 35 U.S.C. § 271(a).

21. On information and belief, at least since June 21, 2006, Defendants Masimo and Cercacor have been and now are inducing others to infringe one or more claims of the '093 patent by taking active steps (such as licensing, marketing, selling and contracting for the distribution of the infringing products) to encourage and facilitate direct infringement by others, such as medical care personnel and other users of Pulse Oximetry Monitors (including without limitation products that utilize the Rainbow SET technology) that infringe one or more claims of the '093 patent, with knowledge of that infringement. Masimo and Cercacor are thus liable for inducing infringement of the '093 patent under 35 U.S.C. § 271(b).

22. On information and belief, at least since June 21, 2006, Defendants Masimo and Cercacor have been and now are contributing to infringement of the '093 patent by selling or offering for sale within the United States, and/or importing into the United States, at least Pulse Oximetry Monitors (including without limitation products that utilize the Rainbow SET technology), which constitute a material part of the invention recited in one or more claims of the '093 patent, and which Masimo and Cercacor know to be especially made or especially adapted for use in an infringement of the '093 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use. Masimo and Cercacor are thus liable for contributory infringement of the '093 patent under to 35 U.S.C. § 271(c).

23. On information and belief, at least since June 21, 2006, Defendants Masimo and Cercacor have been and now are inducing others to infringe one or more claims of the '093 patent by selling Pulse Oximetry Circuit Boards and taking active steps (such as licensing, marketing, selling and contracting for the distribution of the infringing products) to encourage and facilitate direct infringement by others, such as OEM partners, medical care personnel and other users of Pulse Oximetry Monitors (including without limitation products that utilize the Rainbow SET technology) that infringe one or more claims of the '093 patent, with knowledge of that infringement. Masimo and Cercacor are thus liable for inducing infringement of the '093 patent under 35 U.S.C. § 271(b).

24. On information and belief, at least since June 21, 2006, Defendants Masimo and Cercacor have been and now are contributing to infringement of the '093 patent by selling or offering for sale within the United States, and/or importing into the United States, at least Pulse Oximetry Circuit Boards (including without limitation products that utilize the Rainbow SET technology), which constitute a material part of the invention recited in one or more claims of the

'093 patent, and which Masimo and Cercacor know to be especially made or especially adapted for use in an infringement of the '093 patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use. Masimo and Cercacor are thus liable for contributory infringement of the '093 patent under to 35 U.S.C. § 271(c).

25.   On information and belief, based on Masimo's and Cercacor's June 21, 2006 IDSs and Essential Medical's March 5, 2009 offer to sell Masimo the '093 patent, Defendants Masimo and Cercacor have each had actual notice of the '093 patent since at least June 21, 2006, but no later than March 5, 2009.

26.   At least by serving this Original Complaint for Patent Infringement, Essential Medical has given Masimo and Cercacor written notice of the infringement, to the extent notice is required.

27.   Pursuant to 35 U.S.C. § 284, Essential Medical is entitled to damages adequate to compensate it for Masimo's and Cercacor's infringement of the '093 patent, but in no event less than a reasonable royalty.

28.   To the extent required, Essential Medical has complied with the marking provisions of 35 U.S.C. § 287.

29.   On information and belief, Masimo's and Cercacor's infringement of the '093 patent has been and continues to be willful.

## DEMAND FOR JURY TRIAL

Essential Medical, under Federal Rule of Civil Procedure Rule 38, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Essential Medical prays that this Court:

A.  Enter a judgment in favor of Essential Medical that each of the Defendants have directly infringed the '093 patent;

B.  Enter a judgment in favor of Essential Medical that each of the Defendants have actively induced infringement of the '093 patent;

C.  Enter a judgment in favor of Essential Medical that each of the Defendants have contributed to infringement of the '093 patent;

D.  Enter a judgment in favor of Essential Medical that each of the Defendants' infringement of the '093 patent has been and continues to be willful;

E.  Award Essential Medical its damages (including pre-filing damages), costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' direct and indirect infringement of the '093 patent as provided under 35 U.S.C. § 284;

F.  Award Essential Medical enhanced damages, up to and including trebling Essential Medical's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the '093 patent;

G.  Award Essential Medical its costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law; and

H.  Award Essential Medical such other relief as to which Essential Medical is justly entitled.

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 N. Market St., 12th Floor
Wilmington, DE 19801-3032
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com

***Attorneys for Plaintiff***
***Essential Medical Devices, Inc.***

Of Counsel:

Eric M. Albritton
ema@emafirm.com
Stephen E. Edwards
see@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Keith A. Rutherford
Krutherford@counselip.com
J. David Cabello
Dcabello@counselip.com
WONG, CABELLO, LUTSCH, RUTHERFORD & BRUCCULERI, L.L.P.
20333 S.H. 249, Suite 600
Telephone: (832) 446-2400
Facsimile: (832) 446-2424

William E. Davis, III
bdavis@bdavisfirm.com
THE DAVIS FIRM, PC
111 West Tyler St.
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Date: August 19, 2011