IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESSENTIAL MEDICAL DEVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 11-734 (JEI) (JS) |
| MASIMO CORPORATION and CERCACOR | ) |
| LABORATORIES, INC. (f/k/a MASIMO | ) **JURY TRIAL DEMANDED** |
| LABORATORIES, INC.), | ) |
| | ) |
| Defendants. | ) |

## CERCACOR LABORATORIES, INC.'S ANSWER TO COMPLAINT

Defendant Cercacor Laboratories, Inc. (f/k/a Masimo Laboratories, Inc.) ("Cercacor") hereby answers the Complaint of Plaintiff Essential Medical Devices, Inc. ("EMD").

## PARTIES

1. Cercacor lacks knowledge or information sufficient to form a belief as to the truth of EMD's allegations in paragraph 1 of the Complaint, and on that basis denies those allegations.

2. Admitted.

3. Admitted.

4. Admitted.

## NATURE OF THE ACTION

5. Cercacor admits that EMD has brought an action for patent infringement arising under the provisions of the Patent Law of the United States of America, Title 35, United States Code.

## JURISDICTION AND VENUE

6. Admitted.

7. Cercacor does not contest, for the purposes of this lawsuit only, the personal jurisdiction of this Court over Cercacor.

8.      Cercacor does not contest, for the purposes of this lawsuit only, the venue of this Court.

## FACTUAL BACKGROUND

9.      Cercacor admits that the U.S. Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,397,093 ("the '093 patent") entitled "Non-Invasive Carboxyhemoglobin Analyzer" on May 28, 2002, and that the same was attached as Exhibit A to the Complaint. Cercacor denies that such issuance was valid or legal and any remaining allegations of Paragraph 9 of the Complaint.

10.      Admitted.

11.      Admitted.

12.      Admitted.

13.      Cercacor denies the allegations in paragraph 13 as they pertain to Cercacor.

14.      Cercacor admits that it has licensed Masimo under certain Cercacor technology and denies the remaining allegations of paragraph 14 of the Complaint.

15.      Cercacor admits that its license to Masimo under certain Cercacor technology is exclusive to certain markets and denies the remaining allegations of paragraph 15 of the Complaint.

16.      Cercacor admits that Masimo has developed and commercially sold devices, including pulse oximetry devices such as monitors and circuit boards, that measure carbon monoxide using certain technology licensed from Cercacor and denies the remaining allegations of paragraph 16 of the Complaint.

17. Cercacor admits that on June 21, 2006 Masimo submitted an IDS to the USPTO listing the '093 patent in U.S. Application No. 11/366,210 and denies the remaining allegations of paragraph 17 of the Complaint.

18. Cercacor admits that on June 21, 2006 it submitted IDSs to the USPTO listing the '093 patent in U.S. Application Nos. 11/366,209; 11/366,833; 11/366,995; 11/367,013; and 11/367,034. Cercacor denies that on June 21, 2006 it submitted an IDS to the USPTO listing the '093 patent in U.S. Application No. 12/126,702 but admits that the '093 patent was submitted in an IDS dated December 5, 2008.

19. Cercacor lacks knowledge or information sufficient to form a belief as to the truth of EMD's allegations in paragraph 19 of the Complaint, and on that basis denies those allegations.

## COUNT 1

### DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 6,397,093

20. Cercacor denies the allegations in paragraph 20 as they pertain to Cercacor.

21. Cercacor denies the allegations in paragraph 21 as they pertain to Cercacor.

22. Cercacor denies the allegations in paragraph 22 as they pertain to Cercacor.

23. Cercacor denies the allegations in paragraph 23 as they pertain to Cercacor.

24. Cercacor denies the allegations in paragraph 24 as they pertain to Cercacor.

25. Cercacor admits that it knew of the '093 patent since June 21, 2006, but denies the remaining allegations as they pertain to Cercacor.

26. Denied.

27. Cercacor denies the allegations in paragraph 27 as they pertain to Cercacor.

28. Cercacor lacks knowledge or information sufficient to form a belief as to the truth of EMD's allegations in paragraph 28 of the Complaint, and on that basis denies those allegations.

29. Cercacor denies the allegations in paragraph 29 as they pertain to Cercacor.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Cercacor asserts the following defenses. Cercacor reserves the right to amend its answer as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE

30. Cercacor has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents), any valid claim of the '093 patent.

## SECOND AFFIRMATIVE DEFENSE

31. One or more claims of the '093 patent are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

32. EMD's claim to damages is barred in whole or part by 35 U.S.C. § 286 and/or § 287.

## FOURTH AFFIRMATIVE DEFENSE

33. EMD's claims are barred by laches and estoppel.

## COUNTERCLAIM

Cercacor brings the following counterclaims against EMD for judgment as follows:

## PARTIES

1. Cercacor is a corporation organized under the laws of the State of Delaware, with its principal place of business in Irvine, California.

2. Upon information and belief, EMD is a Delaware corporation, with its principal place of business in Pelham, New York.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, based upon an actual controversy between Cercacor and EMD.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.  This Court has personal jurisdiction over EMD because EMD has availed itself of this Court through the filing of the Complaint.  EMD alleges that it is the owner of the '093 Patent.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c).

## FIRST CLAIM FOR RELIEF:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. EMD has asserted in its Complaint claims of patent infringement against Cercacor based on the '093 Patent.  Cercacor has denied that it has infringed or is infringing any valid claim of the '093 patent.  Thus an immediate, real, and justiciable controversy now exists between Cercacor and EMD with respect to the '093 patent.

7. Cercacor has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claim of the '093 patent.

8. Cercacor seeks a declaration from this Court that Cercacor has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claim of the '093 patent.

## SECOND CLAIM FOR RELIEF:

## DECLARATORY JUDGMENT OF INVALIDITY

9. EMD has asserted in its Complaint claims of patent infringement against Cercacor based on the '093 Patent. Cercacor has denied that it has infringed or is infringing any valid claim of the '093 patent. Thus an immediate, real, and justiciable controversy now exists between Cercacor and EMD with respect to the '093 patent.

10. One or more claims of the '093 patent is invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

11. Cercacor seeks a declaration from this Court that the claims of the '093 patent are invalid.

## PRAYER FOR RELIEF

Cercacor respectfully prays for the following relief:

A. An order dismissing with prejudice all claims against Cercacor and denying all relief requested by EMD;

B. That the Court enter judgment declaring that Cercacor does not infringe, and has not infringed, any claim of the '093 patent;

C. That the Court enter judgment declaring the claims of the '093 patent to be invalid;

D. That the court find this case to be an exceptional case under 35 U.S.C. § 285 and award Cercacor its reasonable attorney fees upon prevailing in this action;

E. That the Court award Cercacor its costs;

F. That Cercacor be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Cercacor requests a trial by jury of all issues so triable.

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

OF COUNSEL:

Joseph R. Re
Stephen C. Jensen
Irfan A. Lateef
Stephen W. Larson
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
14th Floor
Irvine, CA 92614
(949) 760-0404

*Attorneys for Defendants*

October 11, 2011
4535290

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Joseph J. Farnan, III, Esquire
>Brian E. Farnan, Esquire
>FARNAN LLP

I further certify that I caused copies of the foregoing document to be served on October 11, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Joseph J. Farnan, III, Esquire<br>Brian E. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Eric M. Albritton, Esquire<br>Stephen E. Edwards, Esquire<br>ALBRITTON LAW FIRM<br>P.O. Box 3649<br>Longview, TX  75606<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Keith A. Rutherford, Esquire<br>J. David Cabello, Esquire<br>WONG, CABELLO, LUTSCH, RUTHERFORD<br>  & BRUCCULERI, L.L.P.<br>20333 S.H. 249<br>Suite 600<br>Houston, TX  77070<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| William E. Davis, III, Esquire<br>THE DAVIS FIRM, PC<br>111 West Tyler Street<br>Longview, TX  75601<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

>*/s/ Julia Heaney*
>_____
>Julia Heaney (#3052)